**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HASSAN EL-ZEIN : | |
|    Petitioner : | |
| : | |
| v : | Civil Action No. DKC-05-2377 |
| I.C.E. : | |
|    Respondent : | |

o0o

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 on August 29, 2005, alleges Petitioner's continued detention pending deportation to Lebanon is unlawful. Paper No. 1. Petitioner is confined to the Wicomico County Detention Center in the custody of United States Immigration and Customs Enforcement (ICE) pursuant to a final order of removal from this country. Pursuant to this court's Order to Show Cause, Respondent has filed an Answer seeking dismissal of the petition and a motion to substitute party. Paper No. 3. Upon review of the papers filed, this court finds that a hearing in this matter is unnecessary. For the reasons that follow, the motion to substitute party shall be granted and the petition for writ of habeas corpus shall be dismissed.

Respondent moves to delete Immigration and Customs Enforcement as Respondent and substitute Douglas C. Devenyns, as the proper Respondent in this action. Paper No. 4 at p. 2. Douglas C. Devenyns, as warden of Wicomico County Detention Center, is the proper Respondent and the Motion to Substitute will be granted. *See Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (proper respondent in habeas corpus proceedings is the person who has immediate custody of the person detained).

Petitioner is a native and citizen of Lebanon, admitted to the United States as a non-immigrant visitor in 1994. Paper No. 3 at Ex. A. His status was changed in 1998 to that of a lawful

permanent resident. *Id*. Petitioner was convicted of second degree assault[1] on January 23, 2003 in the District Court for Dorchester County, Maryland. *Id*. As a result of his conviction, Petitioner was sentenced to serve two years in prison. *Id*. In addition, on January 29, 2003, that court found that Petitioner had violated a domestic protective order issued on December 19, 2002, enjoining him from threatening, harassing or injuring his wife. *Id*.

Petitioner was served with a Notice to Appear on December 9, 2004, charging him as removable from the United States as an alien found guilty of violating a protective order and as an alien convicted of an aggravated felony and a crime of domestic violence. *See* 8 U.S.C. §1227(a). On February 17, 2005, Petitioner was ordered removed from the United States to Lebanon. Paper No. 3 at Ex. B. Pursuant to the order of removal, Petitioner was taken into Immigration Customs Enforcement (ICE) custody on December 9, 2004. Petitioner did not appeal the decision finding him removable and does not challenge that determination in the instant petition; rather, Petitioner seeks review of his continued detention pending removal.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional. In *Zadvydas*, the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the

---

[1] The victim of the assault was Petitioner's wife, Asia El-Zein. Paper No. 3 at Ex. A.

2

> 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700.   The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697–99.   In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, __ U.S. __, __, 125 S. Ct. 716, 726 (2005) ( where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).   Refusal to cooperate with officials cannot be the basis for finding that removal is not likely to occur in the foreseeable future. *See e.g. Pelich v. INS*, 329 F. 3d 1057, 1060 (9th Cir. 2003) (detainee can not argue that removal is unlikely when his decision to cooperate is the controlling factor).

In the instant case travel documents authorizing Petitioner's repatriation to Lebanon have been issued.  Paper No. 3 at Ex. C.  Petitioner's removal was scheduled for December 19, 2005. *Id*. Although nothing further has been filed in this case confirming his removal[2], the likelihood of his removal has been established by the evidence presented.  Accordingly, Petitioner's release from custody pending removal is not warranted and the Petition for Writ of Habeas Corpus shall be denied.

___1/9/06_____            _____/s/_____
Date                                                DEBORAH K. CHASANOW
                                                    United States District Judge

---

[2] In light of the absence of a confirmation that he has been removed, Respondent will be required to file a status report regarding Petitioner's removal status within 30 days of the date of this court's order denying the petition